UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

C. PEPPER LOGISTICS, LLC,

    Plaintiff,

        v.

JAMES A. ELY,

    Defendant.

Case No. 3: 21-cv-00411-JPG

**MEMORANDUM AND ORDER**

### I. Introduction

Before the Court is Defendant James A. Ely's ("Defendant" or "Ely") Amended Motion to Dismiss Plaintiff C. Pepper Logistics, LLC ("Plaintiff" or "Pepper") Complaint (Doc. 23). Defendant requests this Court dismiss Plaintiff's Complaint based on a forum selection clause that contracts this action be brought in Texas. Additionally, Defendant states that Count I fails because it only pleads injunctive relief and is preempted. Defendant states Count II fails to meet the requisite pleading standard. *Id*. Plaintiff filed its response to Defendant's Amended Motion at (Doc. 24). Defendant filed its reply at (Doc. 25).

### II. Factual Background

Pepper filed this action with the Circuit Court of the Third Judicial Circuit, Madison County, naming Ely as Defendant. Pepper is a logistics company and Defendant is a former-independent contractor driver for that company. (Doc. 23, p. 2). On August 1, 2019, the parties entered into an Independent Contractor Agreement ("Agreement"). *Id*. Plaintiff asserted two claims against Defendant (1) Injunctive Relief, and (2) Breach of Contract of the Agreement. Specifically, Count I requests the court enjoin Defendant from "breaching the non-solicitation and non-complete parts of the Agreement (to stop driving) without prior Court approval."

1

(Compl. ¶ 17). Plaintiff alleges Defendant breached the non-solicitation portion of the Agreement without providing Plaintiff ten days' notice as provided by the Agreement. (Compl. ¶¶ 9-10). Plaintiff claims that Defendant breached the agreement by "intentionally and willfully…conspiring to and then actually breaching the non-solicitation portion of the Agreement." (Compl. ¶ 21).

Defendant removed this action to this Court pursuant to to 28 U.S.C. § 1446(b). Defendant claims Federal Question jurisdiction (28 U.S.C. § 1331) because the Federal Aviation Administration Authorization Act ("FAAAA") preempts Plaintiff's injunctive relief. Additionally, Defendant state that there is Diversity of Citizenship (28 U.S.C. § 1332) because the parties are citizens of different states, and the amount of controversy exceeds $75,000. On May 3, 2021, Defendant filed a motion to stay this case pending a resolution of Defendant's request to consolidate this case and others with the United States Judicial Panel on Multidistrict Litigation ("JPML") (Doc. 18, Exhibit A). The JPML deemed the request moot because the Eastern District of Texas action was remanded on June 9, 2021. *Id*. Defendant filed leave to file an addendum to his Motion to Dismiss and requested the Court lift the stay, which the Court granted (Doc. 17).

### III.  Analysis

#### A.  Subject Matter Jurisdiction

A Court must always evaluate whether or not it has subject matter jurisdiction over any action. *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir.2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Asperger v. Shop Vac Corp.*, 524 F.Supp.2d 1088, 1091 (S.D. Ill.2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) (reviewing sua sponte the allegations of federal

subject matter jurisdiction contained in a notice of removal because "[j]urisdiction is the ... power to declare law, ... and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.")

Defendant alleges that removal to this Court is proper because of federal question jurisdiction. Defendant allege FAAAA preempts Plaintiff's injunctive relief. (Doc. 23, p. 9).

In determining whether a state law claim is subject to FAAAA preemption, the Seventh Circuit stated that two requirements must be met: "First, a state must have enacted or attempted to enforce a law. Second, that law must relate to carrier rates, routes, or services 'either by expressly referring to them, or by having a significant economic effect on them.'" *Nationwide Freight Sys., Inc. v. Ill. Commerce Comm'n*, 784 F.3d 367, 373–74 (7th Cir. 2015) (quoting *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 (7th Cir. 1996)). Preemption under the FAAAA is broad and includes "laws and actions having some type of connection with or reference to a carrier's rates, routes, or services, whether direct or indirect." *Id*. at 373. But state laws are "not preempted where [their] relationship with carrier rates, routes, or services is 'tenuous, remote, or peripheral.'" *Id*. quoting *Dan's City Used Cars*, 569 U.S. at 261.

Here, the Court finds that the relationship between Pepper and Defendant one that does not warrant federal preemption. "Laws that affect the way a carrier interacts with its customers fall squarely within the scope of FAAAA preemption. Laws that merely govern a carrier's relationship with its workforce, however, are often too tenuously connected to the carrier's relationship with its consumers to warrant preemption." *Costello v. BeavEx, Inc*., 810 F.3d 1045, 1054 (7th Cir. 2016). The claims here that govern the parties' relationship or a carrier's relationship with a former employee. This is such a case that is "tenuous, remote, or peripheral"

3

that does not warrant federal preemption. In fact, the Court finds it is so remote since the Complaint "only seeks to enjoin a small portion of the available work of *one* driver." (Doc. 24, p. 5) (emphasis added).

The Court finds, pursuant to the case law in the Seventh Circuit, and the Supreme Court, that breach of contract claims are not preempted by the FAAAA.

Because jurisdiction is based on diversity of citizenship, the substantive rights of the parties are governed by state law. *Help At Home Inc. v. Med. Cap., L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001). Here[1], Illinois law will apply.

Defendant does not have subject matter jurisdiction in this Court under 28 U.S.C. § 1331. However, the Court believes that there is complete diversity of citizenship under 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount of controversy exceeds $75,000.

The Court hereby DENIES Defendant's motion to dismiss Count I because its claim for injunctive relief is preempted by the FAAAA.

**B. Venue**

Defendant requests this Court dismiss the Complaint because Texas is a proper venue. Defendant does not provide us a mechanism to dismiss such a claim. Specifically, Defendant points to a choice of law forum clause in the Agreement, which states as following:

> The Governing Law and Choice of Forum Clause states: "This Agreement is to be governed by the laws of the United States and of the State of Texas, without regard to the choice-of-law of Texas or any other jurisdiction. The parties further

---

[1] The Court notes that neither Plaintiff nor Defendant explain or provide what state law should apply in this case. Since this case was removed from Illinois state court, the Court will assume Illinois law will apply. While Plaintiff states that dismissal based on venue is inapplicable, they do not address whether or not Texas law, pursuant to the same Agreement they try to enforce, should apply. Defendant unfortunately does not address these issues either. "The operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits." *Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 426–27 (7th Cir. 1991); *see also Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir.1995) (Choice-of-law arguments are normally waivable).

>agree that any claim or dispute arising from or in connection with this Agreement or otherwise with respect to the overall relationship between the parties, whether under federal, state, local, or foreign law, shall be brought exclusively in state or federal courts closest to CARRIER's corporate office in Roanoke, Texas."

Compl., Ex. A at § 25.

As stated above, Defendant requests that this Court dismiss the claim because Texas is the proper venue. Recent Supreme Court guidance provides this Court insight into the procedural mechanism when attempting to enforce a forum-selection clause, especially because Defendant does not provide this Court a procedural vehicle to dismiss Plaintiff's claim in the submission of their motion.

In 2013, the Supreme Court evaluated the proper mechanism to enforce a forum-selection clause. Specifically, the Supreme Court stated, "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62, 134 S. Ct. 568, 579, 187 L. Ed. 2d 487 (2013). Rather, when a forum-selection clause requires suit in a specific federal forum, "the clause may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)," which permits the district court to transfer the case "to any other district to which the parties have agreed by contract or stipulation." *Id*. In *Atlantic Marine*, the Supreme Court unequivocally emphasized that a forum-selection clause plays a very significant role in furthering "vital interests of the justice system." *Id*. at 63.

However, Defendant filed a motion to dismiss and not a motion to transfer under *forum non conveniens*. Binding precedent states that - 1) venue is wrong or improper depends exclusively on whether court in which case was brought satisfies the requirements of federal venue laws, irrespective of any forum-selection clause that may apply; 2) forum selection clause that points to a particular federal district may be enforced through a motion to transfer, under the

change of venue statute, for convenience of parties and witnesses, in the interest of justice; 3) the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through *forum non conveniens*. *Atl. Marine*, 571 U.S. at 49, 134 S.Ct. 568.

With the lack of a proper mechanism to enforce the forum-selection clause, the Court must dismiss Defendant's motion to dismiss at this time. The Court DENIES Defendant's Motion to Dismiss for improper venue.

### C. Injunctive Relief not Independent Cause of Action

Defendant next argues that Count I for Injunctive Relief is not an independent cause of action and should be dismissed. (Doc. 23, p. 6). Plaintiff responds with "[t]his is exactly what the parties bargained for in a specific paragraph of the Contract (paragraph 20). It does not expand what the parties bargained." (Doc. 24, p. 5). The Court does not know what this means. Defendant similarly only cites to case law that cites the proposition that "injunctive relief is not an independent cause of action." The Court agrees.

Upon a review of the Complaint, and based on liberal pleading construction, it looks as if Plaintiff has pled a breach of contract under Count I and requesting injunctive relief under that count. The Court construes Count I as an alternate remedy under a breach of contract or a breach of the covenant not to compete.

The Court hereby DENIES Defendant's Motion to Dismiss because Injunctive Relief is not an independent cause of action.

### D. Count I - 12(b)(6)

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

- "The threatened harm to the Plaintiff Pepper outweighs any possible harm to the Defendant Ely in that Defendant Ely can simply drive for Plaintiff Pepper, and therefore, Defendant Ely cannot suffer any harm by this Court's issuance of the injunction requested herein; however, this Court's failure to do so would result in tremendous and substantial harm to the Plaintiff Pepper as its damage would be compounded by allowing the breach." Compl. ¶14(c).
- "Plaintiff Pepper has no adequate remedy at law as Defendant Ely is not judgment worthy for any damages that he has caused and will continue to cause." Compl. ¶ 15.
- "The value of Plaintiff Pepper's non-compete agreement far exceeds the scope of any foreseeable damages that could be sustained by the Defendant Ely." Compl. ¶ 16.

To obtain a preliminary injunction, a plaintiff must make a threshold showing that: (1) it will suffer irreparable harm absent a preliminary injunction during pendency of the action; (2) inadequate remedies at law exist; and (3) it has some likelihood of success on the merits. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). As the Seventh Circuit recently explained, under the likelihood of success on the merits factor, a "possibility of success is not enough" and "[n]either is a 'better than negligible' chance." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020). The movant must make a "strong showing" of a likelihood of success on the merits, but "need not show that it definitely will win the case." Id. at 762-63. "A 'strong' showing...does not mean proof by a preponderance.... But it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763.

If the moving party makes a threshold showing, "the court proceeds to a balancing analysis, where the court must weigh the harm the denial of a preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Mays*, 974 F.3d at 818. *Aon PLC v. Infinite Equity, Inc*., No. 19 C 7504, 2021 WL 4192072, at *6 (N.D. Ill. Sept. 15, 2021). Speculative injuries do not justify this extraordinary remedy. *E. St. Louis Laborers' Loc. 100 v. Bellon Wrecking & Salvage Co*., 414 F.3d 700, 704 (7th Cir. 2005).

The Court will not balance Plaintiff's claims because it has not made a threshold showing it will suffer irreparable harm. All that Plaintiff's Complaint states is that the "Court's failure to do so would result in tremendous and substantial harm to the Plaintiff Pepper as its damage would be compounded by allowing the breach." Compl. ¶14(c). This is the exact type of recitation of the elements of the claim that our courts warn against. These are mere conclusory statements, and they will not suffice in this Court.

Plaintiff's response to Defendant's motion is also deficient (Doc. 24). Plaintiff does not

even reference any "harm" and does not even expound on anything more than the complaint. In fact, all Plaintiff states is "[t]he general allegations and the Count for injunctive relief describe the breaches and several reasons why Plaintiff is entitled to this remedy. The specific paragraph of the Contract that entitles Plaintiff to injunctive relief is referenced." *Id*. at 4. The Court disagrees that Plaintiff has made an adequate showing for why it should receive relief.

Even if a different state law would apply, the Court believes that the Complaint would still not make a threshold showing. In light of the fact the Court construed Count I as an alternative remedy of a breach of contract, the Court finds that Plaintiff may not pursue injunctive relief as a remedy.

The Court hereby GRANTS Defendant's Motion to Dismiss Count I.

E. **Count II - 12(b)(6)**

In Count II, Plaintiff states a claim for breach of contract. A breach of contract requires the elements of a breach of contract claim are "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all the required conditions, (5) breach, and (6) damages." *Stewart v. JP Morgan Chase Bank, N.A.*, No. 18-CV-7584, 2022 WL 294763, at *3 (N.D. Ill. Feb. 1, 2022) (citations omitted).

Here, the Court believes Plaintiff has properly alleged offer, acceptance, consideration, performance. Additionally, Plaintiff has alleged breach. Defendant argues that Plaintiff has failed to indicate how it has been damaged by Defendant's conduct. (Doc. 23, p. 12). Plaintiff's response does not even address damages.

In Count II, Plaintiff states "Defendant Ely's breach caused immediate harm and continues to cause direct Damages to Plaintiff Pepper. As a direct result of the aforesaid conduct and breach of Defendant Ely, Plaintiff Pepper sustained injuries, losses, and damages without

any contributing breach." Compl. ¶ 22-23.

The Court finds Plaintiff has not adequately alleged damages. This is the type of "threadbare recital" that *Iqbal* warns against. "The perfunctory allegation that Plaintiff 'has suffered, and will suffer damages of a pecuniary nature' is exactly that: a threadbare recital of damages that is not adequate to state a claim." *Illinois ex rel. Hammer v. Twin Rivers Ins. Co.*, No. 16 C 7371, 2017 WL 2880899, at *5 (N.D. Ill. July 5, 2017); *see also Directv, LLC v. Spina*, No. 1:15-cv-104, 2016 WL 3097212, at *5 (S.D. Ind. June 3, 2016) (dismissing breach of contract counterclaim for failure to adequately allege damages, describing as "vague" and "bare-bones" the allegation that defendant "was damaged by [the plaintiff's] breach"); *Royal Sleep Prods., Inc. v. Restonic Corp.*, No. 07 C 6588, 2010 WL 1172555, at *4, *7-9 (N.D. Ill. Mar. 22, 2010) (dismissing breach of contract claim where plaintiff alleged only that it "has suffered damages by reason of the breach," describing the allegations as "nothing but formulaic recitations of the elements of" a breach of contract claim and as "fail[ing] to allege any factual content that satisfies the *Twombly* standard"); *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007) (distinguishing *Olympia Hotels Corp* by stating "Illinois law is clear that, to state a claim for breach of contract, one must be able to prove actual damage).

Plaintiff's complaint does not provide this Court (or notice Defendant of) any factual content that would satisfy the *Twombly* standard. Reciting the legal requirements does nothing to infer that Plaintiff's damages are "more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Even drawing reasonable inferences in favor of Plaintiff cannot save Plaintiff. In fact, Plaintiff did nothing in its response to provide this Court any reasonable support not to dismiss. *Illinois ex rel. Hammer*, No. 16 C 7371, 2017 WL 2880899, at *5 (stating "[d]rawing reasonable inferences" for plaintiff "does not lend this allegation facial plausibility" because "Plaintiff does

not articulate any in her response").

The federal pleading standards do "not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation." *EEOC v. Concentra Health Serv's, Inc.*, 496 F.3d 773, 780 (7th Cir.2007).

For these reasons, the Court hereby GRANTS Defendant's Motion to Dismiss Count II.

## IV. Conclusion

The Court hereby:

- **DENIES** Defendant's Motion to Dismiss for Improper Venue;

- **DENIES** Defendant's Motion to Dismiss because Plaintiff's claim for injunctive relief is preempted by the FAAAA;

- **DENIES** Defendant's Motion to Dismiss because Injunctive Relief not Independent Cause of Action;

- **GRANTS** Defendant's Motion to Dismiss Count I for failure to state a claim under 12(b)(6); and

- **GRANTS** Defendant's Motion to Dismiss Count II for failure to state a claim under 12(b)(6).

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**
**Dated: February 15, 2022**

/s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE